Davies, J. (Dissenting.)
The plaintiffs in 1854 were dealers with the People’s Bank of the city of Hew York, and were accustomed to make deposits therein, which in the usual course of banking business were passed to their credit, and upon or against which they drew drafts or checks. Being at a distance from the bank, and consequently unable either personally or by a clerk to make a deposit in the bank in the usual way, *340 they employed the defendants for that purpose, and they undertook and agreed to perform that service. There is nothing unusual or extraordinary in this. It is a thing of not unfrequent occurrence, where the dealer with a bank, residing in the same or adjoining or proximate places, with the location of a bank, employs agents or carriers to make deposits for him The employment is lawful, and in this case the agreement is clear and specified.
The question presented for our consideration in this case is, whether the defendants have performed the service which they undertook. There is no ground for the assumption, that the money transmitted by the defendants was the property of the bank. It was sent by the plaintiffs to be deposited with the bank as their, property, and there is no reason to infer that it was sent to pay an antecedent debt. There is no proof that any such debt existed, and it might as well be said that the money of any depositor when set aside to be deposited in a bank became the property of the bank and ceased to be that of the depositor. It is placed in the bank for safety, and as a convenient mode of transacting business and for making payments by the depositor by checks or drafts on the bank. It could be attached and reached as the property of the depositor. The ordinary presumptions applicable to a consignment of property, as to the ownership by the consignee, have no application to the present case. Have the defendants performed the service which they undertook ? It is contended on their behalf that they have, because they delivered the package to an agent of the bank, and, as they assume, under such circumstances as would render the bank liable to the plaintiffs for the money transmitted.
It would seem to be a sufficient answer to this defence to say, that such was not the contract made by the defendants with the plaintiffs, and that they have no legal right to make a new contract, or do something which they contend is equivalent to that undertaken to be done by them: There is no pretence that the plaintiffs were parties to any such modification of the contract, made or had any knowledge of it, or in any *341 manner assented to it. Nor can it be alleged that the custom of the defendants in delivering packages to the parties, at places other than the bank, can have any effect on the rights of the plaintiffs. As between the defendants and the bank it has significance: as to the parties to the contract, it is res inter alios acta, and the plaintiffs are not deprived of any of their rights by reason of it. It is well settled, that it is the duty of the carrier, not only to transport the goods safely to the place of delivery, but without any demand upon him to deliver the same according to the owner’s direction. There is no question that in this case the directions of the owners, the plaintiffs, were to deliver this money at the bank, at. 173 Ganal street, to the officers of the bank. It was held in Hyde v. Trent and Jersey Navigation Company, (5 T. R., 389) that a delivery to a porter at an inn, to carry to the consignee, did not discharge the carrier. That the goods continued at the risk of the carrier until a personal delivery at the house or place of deposit of the consignee, and that the porter to whom the package was delivered, was the servant of the carrier. It would follow in the present case that Messenger, the porter to whom the defendants delivered the package in this instance, is to be regarded as the servant of the defendants. Prima facie, the carrier is under an obligation to deliver the goods to the consignee personally at the place of delivery. Custom of so general and universal a character as may warrant the supposition that the parties contracted with reference to it, may be proven to vary the manner of the delivery; or the place and manner of the delivery may be varied by the assent of the owner of the property; and where he interferes to control or direct in the matter, he assumes the responsibility. (Edwards on Bail., pp. 515, 519.) In this case no general or universal custom changing the carrier’s legal liability, of such a character as that we may presume the parties to have contracted in reference to it, was shown or pretended. Neither was it alleged that the owners, the plaintiffs, had by their assent in any manner varied the carrier’s legal liability, or interfered in any way with the delivery or had any knowledge of the practice of the defendants in *342 making deliveries different from that contained in the direction or contract, or had given any consent to any other delivery orto any change of the legal liabilities assumed by the carrier on receipt of the package. The arrangement alleged to be made 'between the defendants and the" bank or. its officers, by which a different delivery was made than that embraced in the contract with'the plaintiffs, can therefore have no binding effect upon the plaintiffs, or in any manner impair -or affect their rights. -
It is no answer to the claim of the plaintiffs, for the defendants to say that they have made such a delivery to the" bank, as will legally compel it to respond to the plaintiffs for the amount of this money. It is sufficient for the plaintiffs to reply that they are not bound to litigate that question. That is a matter between the defendants and the bank. The plaintiffs employed the defendants to do a certain thing, to make the deposit for them in the bank; this they undertook to do for reasonable hire paid to them. They have not done it, and the plaintiffs had a right to have the deposit made as agreed upon,. and in consequence of the defendants’ default" in' not making it, to recover from them the amount so entrusted to them for this purpose.. If they have any claim upon others, it is for them to enforce it and not the plaintiffs.
The learned judge at the circuit therefore erred in refusing to charge the jury as requested by the counsel for the plaintiffs, and in charging that if a delivery was made so as to render the bank liable for the money of the plaintiffs, it was such a delivery as-was called for by the contract.
Judgment affirmed.